**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| MILTON PLOWDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-425 |
| | § | |
| NORTHSTAR OFFSHORE L.L.C., | § | |
| NORTHSTAR GOM, L.L.C., and | § | |
| NORTHSTAR GULFSANDS L.L.C., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**

Plaintiff Milton Plowden ("Plaintiff") brings this action against Defendants Northstar Offshore L.L.C., Northstar GOM, L.L.C., and Northstar Gulfsands L.L.C. ("Defendants") for personal injuries allegedly occurring on or about May 25, 2006 while Plaintiff was working on a platform allegedly owned by one of the Defendants. Defendants filed their Motion to Transfer Venue to the Southern District of Texas, Houston Division, and Plaintiff filed a Response thereto. For the reasons stated below, Defendants' Motion is respectfully **DENIED**.[1]

**I. Background**

Plaintiff, a resident of Louisiana, allegedly sustained severe and disabling injuries when the railing of the platform on which he was working as a blaster and painter broke, causing him to fall ten to twelve feet into the Gulf of Mexico. The platform is allegedly owned by Defendants. Plaintiff alleges that Defendants failed to exercise reasonable care, and that, due to their alleged negligence,

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

he was injured.  Defendants are located in and do business in Houston, Texas.

II.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a) (2000).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g.*, *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

III.    Analysis

*A.  Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis.  *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998)

2

(citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). Defendants state that "all relevant witnesses are located in Houston." (Defs.' Mot. at 3.) However, Defendants do not provide the Court with a list of these relevant witnesses or with a brief outline of their expected testimony. Therefore, Defendants have not met their burden. Thus, this factor weighs in favor of retention.

*B. Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial. *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). Furthermore, it is "rare that the forum in which the case is litigated is the most convenient for all the parties involved." *Id.* Defendants have offered no evidence indicating that a trial in Houston would be less costly than a trial in Galveston, and, as the Court has stated numerous times, Galveston is not very far away from Houston, and the parking is free.

*C. Location of Books and Records*

The location of books and records is generally of little importance in personal injury cases. Defendants claim that all the relevant employment records, inspections, incident reports, and the like are located in Houston. Defendants have not given the Court any indication that the records located in Houston are so voluminous as to cause Defendants to incur substantial cost in transporting them a few miles down the interstate to the Galveston Division. *See LeBouef*, 20 F. Supp. 2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston [from Louisiana]."). Therefore, this factor does not weigh for or against transfer.

### D.  Plaintiff's Choice of Forum

Generally, Plaintiff's decision to litigate this case in the Galveston Division is entitled to great deference. *See Barnett v. Kirby Inland Marine, Inc.*, 202 F. Supp. 2d 664, 670 (S.D. Tex. 2002). However, Plaintiff's choice of forum is entitled to less deference if Plaintiff does not reside in the forum. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a resident of Louisiana, so his choice is not afforded great deference. Plaintiff's choice is still entitled to some deference, though, so this factor weighs slightly in favor of retention.

### E.  Place of the Alleged Wrong

Defendants do not discuss the location of the alleged wrong in their Motion. Plaintiff indicates that the alleged accident occurred on a platform in the Gulf of Mexico. The Gulf of Mexico is undeniably closer to the Galveston Division than the Houston Division. Thus, this factor weighs in favor of retention.

### F.  Potential for Delay

Any transfer will produce some delay, and Plaintiff must show that a transfer at this stage would cause a significant or unusual delay in order for this factor to be relevant. *See In Re: Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of delay or prejudice might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). Plaintiff does not address this factor in his Response, and, given that the trial is not set until May, 2007, it is unlikely that a transfer at this stage would cause a significant delay. Therefore, this factor weighs neither for nor against

4

retention.

After carefully considering each factor, the Court concludes that Defendants have failed to carry their burden of demonstrating that the case should be transferred to the Houston Division.

IV.  Conclusions

For the reasons stated above, the Defendants' Motion to Transfer Venue is **DENIED**.  Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 28th day of November, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge